MEMORANDUM **
Sandra Bishop, a native and citizen of Mexico, petitions for review of the Department of Homeland Security’s order reinstating her prior exclusion order under 8 U.S.C. § 1231(a)(5). We have jurisdiction to review the agency’s compliance with the reinstatement regulations, and review de novo questions of law and due process claims. Garcia de Rincon v. DHS, 539 F.3d 1133, 1136-37 (9th Cir.2008), citing Morales-Izquierdo v. Gonzales, 486 F.3d 484 (9th Cir.2007) (en banc). We deny the petition for review.
Contrary to Bishop’s contentions, the reinstatement order is valid because the record establishes that the immigration officer complied with the requirements set forth in 8 C.F.R. § 241.8. The record includes (1) a copy of Bishop’s 1997 exclusion order, (2) her sworn statement, in which she concedes the statutory predicates required for reinstatement, and (3) the reinstatement order signed by Bishop with the box checked indicating she did not wish to make a statement contesting the reinstatement determination. See Morales-Izquierdo, 486 F.3d at 495 (outlining the procedural safeguards against erroneous reinstatements in the regulations).
Bishop’s contention that she should be afforded the opportunity to apply nunc pro tunc for adjustment of status with a 212(i) waiver is not supported by our case law. See Gonzales v. DHS, 508 F.3d 1227, 1241-42 (9th Cir.2007) (abrogating Perez-Gonzalez v. Ashcroft, 379 F.3d 783 (9th Cir.2004)).
PETITION FOR REVIEW DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.